**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANCIS BOBKO,** | : | **CIVIL NO. 1:CV-04-0158** |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **THOMAS LAVAN, ET AL.,** | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

Plaintiff, Francis Bobko ("Bobko"), in inmate incarcerated at the State Correctional Institution at Dallas (SCI-Dallas), filed this civil rights action pursuant to 42 U.S.C. §1983 challenging the basis for the denial of his parole. By Order dated December 8, 2004, the motion to dismiss (Doc. 14) was granted in part and denied in part. The portion of the motion concerning Bobko's First Amendment Establishment Clause claim, was converted to a motion for summary judgment and a briefing period was set. In response to the Order, Defendants filed a fully supported motion for summary judgment pursuant to FED.R.CIV P. 56. (Docs. 24-26).[1] Bobko filed a brief (Doc. 36), a statement of disputed factual issues (Doc. 37), and a declaration (Doc. 38) in opposition to the motion. The motion is ripe for disposition and, for the reasons set forth below, the motion will be granted.

I. Statement of material facts.

In January 1999, Bobko was paroled from an aggregated sentence of fourteen to twenty-eight years. He was recommitted as a technical parole violator in 2002, and informed, *inter alia*, that he must participate in drug and alcohol counseling. (Doc. 15, Ex. A, p. 10). His maximum incarceration date was

---

[1] Based upon the subsequent filing of a motion for summary judgment, the motion to dismiss (Doc. 14), which was converted to a motion for summary judgment, will be denied as moot.

re-computed to October 15, 2011. (*Id*.). On October 18, 2002, Bobko informed staff at SCI- Dallas that he wanted to participate in a counseling program. (Doc. 15, Ex. A, p. 7). In January 2003, the Pennsylvania Board of Probation and Parole ("Parole Board") denied reparole based on Bobko's failure to participate in a counseling program. (Doc. 15, Ex. A, p.14).

"The D[epartment] O[f] C[orrections] has established a standardized method of delivering specialized A[lcohol and] O[ther] D[rug] abuse treatment programs to all offenders who are AOD abusers and eligible for services. These standardized methods and procedures address operations of T[herapeutic] C[ommunitie]s in the state's correctional institutions." (Doc. 15, Ex. C, Declaration of Kathy Brittain (Brittain Dec.), ¶¶ 3, 5). Although T.C. is voluntary inpatient program, it is a high intensity AOD abuse treatment program. (*Id*. at ¶¶ 10, 12). It is a separate unit in the institution and the number of participants is limited. (*Id*. at ¶ 11). T.C. is described as follows:

> There are three (3) phases to T.C.s at SCI-Dallas: Phase I - Orientation Phase, Phase II - Primary Treatment Phase, and Phase III - Reentry. As part of the T.C., the community participates in group therapy, encounter groups, community meetings, education groups, and self-help groups. T.C. is not affiliated with any religion and is not based upon religious concepts. T.C. seeks to have participants commit to "right living." Depending upon the particular direction in which a community develops, certain concepts, akin to surrendering to a higher power, may be incorporated into the experience. No participant is forced to participate or subscribe to religious/spiritual activities or beliefs as part of T.C. If religious/spiritual concepts are explored by the community and a participant is not comfortable with these concepts, a wholly secular model is available. This secular model is S.O.S. (Secular Organizations for Sobriety and/or Save Our Selves).

(*Id*. at ¶¶ 15-17).

On February 25, 2003, Bobko was moved to the T.C. to begin the counseling program he requested. The following day, he refused to participate in the program and was moved out of the T.C.. In

an inmate request to staff member dated February 25, 2003, he cited objections to the religious nature of the program. (Doc. 15, Ex. A. p. 18).  On February 26, 2003, Defendant Stachelak responded to Bobko's request informing him that he need not profess any belief in "God" or a "higher power" to participate in the program. (*Id*.)  Bobko then filed a grievance and Defendant Yescavage replied by explaining T.C. and an alternative program entitled S.O.S.  (Id. at pp. 19, 8- 9).  The components of S.O.S. are as follows:

> S.O.S. is a self-empowerment approach to recovery.  S.O.S provides an alternative framework for those uncomfortable with the spiritual content of widely available 12-step programs.  S.O.S. takes a secular approach to recovery and maintains that sobriety is a separate issue from religion or spirituality.  S.O.S. credits the individual for achieving and maintaining his or her own sobriety, without reliance on any "higher power."  Key components of S.O.S. are emphasis on sobriety through abstinence, encouragement of scientific study of alcoholism and addition, and reliance upon the wisdom and support of fellow recoverers as part of a support group.  The S.O.S. framework is available to T.C. participants at SCI-Dallas.

(Brittain Dec. ¶¶18-21).  Bobko chose not to participate in S.O.S.

II.  Standard of Review.

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law.  FED.R.CIV P 56. The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact. FED.R.CIV P. 56(c).  An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The burden of proving that there is no genuine issue of material fact is initially upon the movant. *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), *aff'd mem.* 725 F.2d

667 (3d Cir. 1983). Upon such a showing, the burden shifts to the nonmoving party. *Id*. The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id.*, *quoting Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976).

III. Discussion.

The First Amendment guarantees that the "government may not coerce anyone to support or participate in religion or its exercise." *Lee v. Weisman*, 505 U.S. 577, 587 (1992). The government coerces a prisoner to participate in religion in violation of the First Amendment when it requires a prisoner to participate in a drug or alcohol rehabilitation program that invokes God or a higher power as a source of strength for recovery, or else face penalties such as an unfavorable recommendation for parole. *See Warmer v. Orange County Dept. Of Probation*, 115 F. 3d 1068, 1076-77 (2nd Cir. 1996); *see also*, *Kerr v. Farrey*, 95 F.3d 472, 479 (7th Cir. 1996).[2] However, a prisoner is not unconstitutionally coerced to participate in religion if he may meet a rehabilitation requirement in an alternative secular program. *See*

---

[2] Neither the Supreme Court nor the United States Court of Appeals for the Third Circuit has addressed the Establishment Clause question raised by a prisoner who contends that he was required to participate in a religiously based drug treatment program.

*id.*; *See also, In re Pers. Restraint of Garcia*, 34 P.3d 1091, 1096 (Wash. Ct. App. 2001). *Cf. Freedom from Religion Foundation, Inc. V. McCallum*, 324 F.3d 880 (7th Cir. 2003).

As noted above, Bobko requested permission to participate in the T.C. program. However, within a day of his placement in the program, he objected to the program on First Amendment grounds. Defendants have presented evidence that, based upon his objections on First Amendment grounds, Bobko was given the choice of participating in a secular alternative to T.C., namely, Secular Organizations for Sobriety and/or Save Our Selves (SOS), to satisfy his rehabilitation requirement. (Doc. 15, Ex. A, pp. 8-9, 18). Consequently, Bobko's First Amendment rights were not violated. Summary judgment will be entered in favor of the Defendants and against Bobko.

IV. Order.

**AND NOW**, this 31st day of May 2005, upon consideration of the Defendants' motion for summary judgment (Doc. 24), **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to dismiss (Doc. 14), which was converted to a motion for summary judgment, is **DENIED** as moot based upon the subsequent filing of Defendants' motion for summary judgment (Doc. 24);

2. Defendants' motion for summary judgment (Doc. 24) is **GRANTED**;

3. The Clerk of Court is directed to **ENTER JUDGMENT** in favor of Defendants and against Plaintiff;

4. Any appeal from this Order is **DEEMED** frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

    S/ Yvette Kane  
    Yvette Kane  
    United States District Judge